UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NAKISHA JACKSON                         CIVIL ACTION NO. 20-1634

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

1ST JUDICIAL DISTRICT COURT,            MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 4) filed by Defendant Rachel Gallion ("Gallion") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is **GRANTED**. Jackson's claims against Gallion and "other unknown clerk employees" are **DISMISSED WITH PREJUDICE.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Nakisha Jackson ("Jackson") is a frequent filer in this Court. In her present complaint, which is one of four, she alleges multiple constitutional violations committed by the 1st Judicial District Court, Judge Roy Brun, Clerk Rachel Gallion, the Shreveport Police Department, the Caddo Parish Jail, agent Charles Ladado, Angelique Frell Director of Civil Division for the state of Louisiana, and other unknown clerks ("the Defendants"). Jackson seeks to hold them liable under 42 U.S.C. § 1983. Jackson's flurry of filings stem from state court proceedings in which parties requested protective orders be placed on her prohibiting her from contacting the requesting parties.

Jackson's first federal suit was filed against the State of Louisiana, Judge Roy Brun, and Clerk of Court Mike Spence. The court dismissed the complaint for lack of jurisdiction with respect to the state and for failure to state a claim on which relief may be

granted with respect to the claims against the judge and clerk. See Nakisha Jackson v. Roy Brun, et al., 19-cv-1006 (W.D. La.). Judgment was entered in September 2019, Jackson's appeal was dismissed for want of prosecution, see NaKisha Jackson v. Roy Brun, et al., 19-30828 (5th Cir. 2020), and her petition for writ of certiorari to the Supreme Court was denied, see Nakisha Jackson v. Roy Brun, et al., 19-30828 (5th Cir. 2020), cert. denied (2020). Jackson then filed two motions to reconsider before Judge Elizabeth Foote in the district court. Judge Foote denied both motions and ordered that the clerk of court is not to accept any new filings in the matter without judicial approval. Jackson was also banned from email communication with the court outside of courtesy copy messages.

Jackson then filed a new civil action against Ms. Wilson and three others claiming malicious prosecution and less than $75,000 in damages. The case was dismissed for lack of subject matter jurisdiction. See Nakisha Jackson v. Kristy Wilson, et al., 20-cv-0238 (W.D. La. 2020). Jackson filed three motions to reconsider, a motion to amend her complaint, and a motion for summary judgment. This Court denied all motions. See id. Jackson filed yet another civil case, essentially amending her complaint from the prior suit. see Nakisha Jackson v. 1st Judicial District Court of Caddo, 20-cv-1626 (W.D. La. 2020), with subsequent motions for miscellaneous relief. On the recommendation of the Magistrate Judge, this Court dismissed the suit. Jackson then filed the instant suit just four days after filing the previous one alleging similar claims.[1] Gallion filed the instant Motion to Dismiss (Record Document 4).

---

[1] True to form, Jackson has filed a fourth case before this Court alleging police misconduct and stalking against the Shreveport Police Department and Detective Karam. Jackson's claims arise from the same "incidents" that are the subject of the present and three previous lawsuits. See Nakisha Jackson v. Shreveport Police Dept., 21-cv-0276 (W.D. La. 2021).

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading requirements to state a claim for relief. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. C. P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In conjunction with Rule 8, Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed. See id. Such a dismissal ends the case "at the point of minimum

expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

## II.     Analysis

First, Gallion's Motion to Dismiss (Record Document 4) moves to dismiss Jackson's claims based on absolute or qualified immunity. Court clerks have absolute immunity from "actions arising from acts they are specifically required to do under court order or at a judge's discretion." Clay v. Allen, 242 F.3d 679 (5th Cir. 2001), citing, Tater v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). In the absence of absolute immunity, clerks are entitled to a qualified immunity for actions arising from routine duties not explicitly directed by the court in faithful performance of their duties. See id.

Jackson claims Gallion and "other unknown clerk employees":

> 1) allowed illegal modification of expired voided judgment with prior knowledge of no service and no evidence, upon awareness of error, no clerical correction; 2) allowed multiple protective order requests based on same cause to go to hearing without evidence, and upon awareness, no clerical correction; 3) assisted in executing warrant with no evidence and no probable cause with prior knowledge of no evidence; 4) illegally denied [her] right to obtain evidence used against [her] after [she] paid for a subpoena and held the money, for Clerk's possession, on [Plaintiff's] credit card and for weeks after denial; 5) aware of no service of civil complaints against [her] and did not dismiss for no service and jurisdiction with prior knowledge of diversity issues, no evidence, and ongoing civil rights case against the Judge and the Clerk of Court; 6) lied about missed court dates to add charges after [Plaintiff] bailed out and assisted Texas in illegally detaining [her].

Record Document 1.  The Court finds Gallion and the other unknown clerks are absolutely immune from claims one through five because the actions described therein are judicial functions. As for the remaining allegation, Jackson has failed to provide adequate factual support to survive the 12(b)(6) motion. Instead of proving that her claim is plausible,

Jackson presents only conclusory statements. As a result, Gallion's Motion to Dismiss is **GRANTED**.

Additionally, Jackson's outstanding Motion for Miscellaneous Relief (Record Document 12) is **DENIED AS FRIVOLOUS**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Jackson's claims against Gallion and "other unknown clerk employees" are **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that Jackson's Motion for Miscellaneous Relief (Record Document 12) be **DENIED** as frivolous.

Due to Jackson's pattern of excessive and frivolous filings which diminish this Court's judicial resources, **IT IS FURTHER ORDERED** that Jackson is barred from filing motions for reconsideration in this matter without first filing in the record a motion for leave to which the proposed pleading must be attached.

**IT IS FURTHER ORDERED** that Jackson is to have no more email communications with the Court except for sending courtesy copies of the pleadings she has filed in the record. Jackson's failure to comply with these orders will subject her to further sanctions.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 23rd day of February, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT